IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENNIE R. MURDOCK,

                Petitioner,

       v.                                    CASE NO. 19-3070-SAC

KRISTI MILLER,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. For the reasons that follow, the Court directs petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period that governs this action or to present new evidence that supports his claim of factual innocence.

### Background

Petitioner was convicted in 1983 of first-degree murder, rape, and aggravated burglary. The conviction was affirmed in 1984. *State v. Murdock*, 689 P.2d 814 (Kan. 1984). In 2004, petitioner sought DNA testing of physical evidence. The request was denied because no material was available for testing. Petitioner did not appeal. In 2014, petitioner moved to correct an illegal sentence. The motion was denied, and the Kansas Court of Appeals affirmed in 2016. *State v. Murdock*, 366 P3d 666 (Table), 2016 WL 687757 (Kan. App. Feb. 19, 2016). In 2017, petitioner filed a state post-conviction action under K.S.A. 60-1507. The district court summarily denied relief, and the Kansas Court of Appeals affirmed, finding that petitioner had not presented

a colorable claim of actual innocence to excuse the late filing of that action. *Murdock v. State*, 437 P.3d 1033 (Table), 2019 WL 1497013 (Kan. Apr. 5, 2019).

**Discussion**

Petitioner challenges his 1983 conviction on claims of a due process violation, a challenge that asserts insufficiency of the evidence; ineffective assistance of trial counsel; and the loss or destruction of potentially exculpatory evidence in the form of latent fingerprints from the victim's residence[1].

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

---

[1] Petitioner states that his first attempt to retrieve this evidence occurred in early 2005 (Doc. 1, p. 22).

The AEDPA became effective on April 24, 1996. Because petitioner's conviction became final before its enactment, the one-year limitation period began to run in this case on April 24, 1996, and expired one year later. *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(recognizing judicially created grace period). Because petitioner took no action until 2004, the limitation period expired in April 1997, long before he commenced this action.

The only new claim that overcomes the limitation period established in 28 U.S.C. § 2244(d) is one of factual innocence, which falls within the "miscarriage of justice exception." *McQuiggin v. Perkins*, 569 U.S. 383, 394-395 (2013). To pursue a claim under this exception, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent", *Murray v. Carrier*, 477 U.S. 478, 496 (1986), and must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error…." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). In this posture, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324.

Petitioner has not met this standard, as he presents no new evidence. Rather, the petition challenges various aspects of the State's case against him at trial. The Kansas Court of Appeals aptly

summarized his arguments asserting actual innocence as follows:

> Here, Murdock's motion merely recounts evidence presented at trial. He does not offer any *new* evidence to support his innocence claim. He simply points out weaknesses in the prosecution's case at trial, including:
>> Testimony at trial about the ease of access to the victim's apartment building with or without keys;
>>
>> Testimony about the lack of cuts or blood from the victim on Murdock or his clothes;
>>
>> Criticisms about fingerprint evidence; and
>>
>> Criticisms about the accuracy of the eyewitness' testimony.
>
> Murdock also cites his alibi evidence. He cites the failure of the State to preserve DNA evidence, but that was the subject of a motion in 2004 and Murdock did not appeal that ruling, nor does he provide any new DNA evidence that would exonerate him.
>
> Regarding the eyewitness identification testimony, he calls it an "unreliable cross-racial identification." Murdock cites various criticisms of the eyewitness testimony which were explored at trial. None of this is new. He argues that his trial counsel should have called an expert witness to testify on the subject of cross-racial identification. But this does not constitute new evidence that satisfies the *Carrier* standard as described in *Schlup* and later cases and which would cause us to conclude that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Thus, Murdock has not presented a "colorable claim of actual innocence." *See* K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Schlup*, 513 U.S. at 316, 324.

*Murdock*, 437 P.3d 1033 (Table), 2019 WL 1497013 *2-3.

Because petitioner does not advance new, persuasive evidence of his factual innocence, he does not satisfy the miscarriage of justice exception. Therefore, this matter is subject to dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including May 29, 2019, to show cause why this petition should not be dismissed for the reasons set forth.

**IT IS SO ORDERED.**

DATED:  This 26th day of April, 2019, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge